IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

FILED
99 DEC 20 PM 1:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

THYRA BOILLAT,                )
                              )
    PLAINTIFF,                )
                              )
VS.                           )    CV98-H-3002-E
                              )
R.D. WERNER COMPANY, INC.,    )
                              )
    DEFENDANT.                )

ENTERED
DEC 20 1999

**MEMORANDUM OF DECISION**

The court has before it the November 9, 1999 motion of defendant seeking dismissal of this action for failure of plaintiff to appear for her scheduled deposition without notice. The deposition was scheduled for November 8, 1999 and at the appointed time and place counsel for plaintiff and defendant, along with the court report, were present, but plaintiff failed to show. Plaintiff had notice regarding the deposition and, in fact, had met with her counsel several days earlier to prepare for the deposition. Plaintiff did not contact her attorney or report to defendant's counsel that she would not be present.

The November 8, 1999 deposition was scheduled as a result of plaintiff having "cancelled" her earlier scheduled deposition the day before it was scheduled, requiring the parties to seek and obtain an extension of the discovery deadline established by the March 29, 1999 order.

The November 9, 1999 motion seeks the "ultimate" sanction of dismissal under Rule 37. The court concludes that the conduct of plaintiff represents a callus disregard of her responsibilities and flagrant bad faith in connection with the pursuit of her lawsuit. While no response to the motion has been filed by plaintiff, the court has been advised in a December 16, 1999 motion seeking an extension of time with regard to consideration of a pending motion for summary judgment, that plaintiff has experienced some emotional difficulties. The information provided does not satisfy the court that extenuating factors are sufficiently present to justify a lesser sanction.

The November 9, 1999 motion to dismiss will be granted by separate order. This will render moot the November 5, 1999 motion to compel[1] and the December 10, 1999 motion for summary judgment.

DONE this 20th day of December, 1999.

                    *James H. Hancock*
                    SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The November 5, 1999 motion to compel is certainly due to be denied in view of plaintiff's flagrant failure to comply with the discovery process.